OPINION
Appellant Dale Zerner appeals a judgment of the Stark County Common Pleas Court dismissing his complaint for wrongful discharge against appellees Airtouch Cellular, Inc.; Porter, Wright, Morris and Arthur; John M. Stephen; and Paul Corrado:
ASSIGNMENTS OF ERROR
 1. THE STARK COUNTY COURT OF COMMON PLEAS COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED APPELLEES' MOTION TO DISMISS APPELLANT'S AMENDED COMPLAINT.
 2. THE STARK COUNTY COURT OF COMMON PLEAS COMMITTED PREJUDICIAL ERROR WHEN IT CONCLUDED THAT THE JOINT REPRESENTATION AGREEMENT ENTERED INTO BY ZERNER, NEW PAR, D.B.A. AIRTOUCH CELLULAR INC., AND PORTER, WRIGHT, MORRIS, ARTHUS WAS NOT BREACHED.
 3. THE STARK COUNTY COURT OF COMMON PLEAS COMMITTED PREJUDICIAL ERROR WHEN IT CONCLUDED THAT THEIR WAS NO VIOLATION OF ANY PUBLIC POLICY OR ANY OTHER EXCEPTION OR EXCLUSION TO THE EMPLOYMENT AT WILL DOCTRINE THAT WOULD PREVENT APPELLANT'S EMPLOYMENT FROM BEING TERMINATED.
Appellant was employed as a management employee of appellee Airtouch Cellular, Inc. In 1997, two former employees of Airtouch initiated litigation against Airtouch, appellant, and another employee of Airtouch. Airtouch engaged appellee Porter, Wright, Morris and Arthur to represent the company in the litigation. Appellant and Airtouch entered into a joint defense agreement with appellee Porter, whereby the law firm would provide representation to both parties in the litigation. During the course of litigation preparation, appellant revealed information to both appellees Porter and Airtouch that he severed his previous employment with another company because of a personality conflict with a manager at that company. As a result of receiving this information, appellee Airtouch terminated appellant's employment on January 20, 1998. At about the same time that appellant was terminated from his employment, appellees settled the underlying litigation. Appellant claimed he was never given the opportunity to consult with appellee Porter concerning the terms of the settlement. Appellant filed the instant action in the Stark County Common Pleas Court alleging that the termination of his employment with Airtouch was in breach of the joint defense agreement, and in violation of his right to attorney-client privilege. Appellant further argued that the termination violated public policy, as the public policy of the State of Ohio prohibits the discharge of an employee by his employer as a result of information supplied by the employee to legal counsel representing both the employee and employer. Appellees move to dismiss the case pursuant to a Civ.R. 12 (B)(6) motion for failure to state a claim upon which relief can be granted. The court granted the motion, dismissing the complaint.
 I and II
We address appellant's first two assignments of error together, as he does in his brief. In order for a court to dismiss a complaint for failure to state claim upon which relief can be granted pursuant to Civ.R. 12 (B)(6), it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666,667. The trial court must examine the complaint to determine if the allegations provide for relief on any possible theory of recovery. Id. The court must construe all allegations in the complaint, and all inferences that may be reasonably drawn therefrom, in favor of the non-moving party. Id. In his complaint, appellant admits that he revealed facts about his prior employment directly to Airtouch:
 8. Pursuant to the Joint Defense Agreement, Plaintiff Zerner revealed and shared a substantial amount of information with Defendant Porter and Defendant Airtouch regarding his involvement in the Litigation. Plaintiff Zerner also shared with all Defendants several items of information related to his employment with Defendant Airtouch.
 9. During the course of litigation preparation, Plaintiff Zerner revealed to Defendant Porter and Defendant Airtouch that he had severed his previous employment with another company because of a personality conflict with a manager at that other company. As a result of that information, Defendant Airtouch, on or about February 20, 1998 terminated Plaintiff Zerner's employment.
It is apparent from the face of the complaint that the statements made by appellant, resulting in his termination, were made not only to counsel, but also to his employer. Any communications made by appellant to his employer are not protected by attorney-client privilege merely because they were made during the course of litigation preparation. Appellant has not alleged that appellee Porter revealed any confidential communications to Airtouch, but rather admits that he made such statements directly to Airtouch. Further, while appellant alleges that appellee Porter breached the joint representation agreement because he was not involved in negotiating the settlement agreement, and they failed to advise him of the necessity for separate counsel when he revealed the circumstances which prompted him to leave his prior employer, he has not alleged any set of facts by which he has been damaged or by which the action of appellee Porter led to his termination. It is apparent from the face of the complaint that he made the statement which led to his termination directly and simultaneously to Airtouch and Porter. He does not allege that he initially made the disclosure to Porter, or that he sought Porter's advice prior to making the disclosure to Airtouch. As it is apparent from the face of the complaint that the termination of appellant's employment did not result from the breach of the defense agreement or breach of attorney-client privilege, appellant's first and second assignments of error are overruled.
 III
Appellant's cause of action for violation of public policy relies for its validity on the existence of a breach of attorney-client privilege. As discussed earlier, appellant revealed the information which led to his termination directly to his employer. The mere fact that it occurred in the context of litigation preparation does not render it protected by attorney-client privilege. The third assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By GWIN, P.J., FARMER, J., and WISE, J., concur.